By the Court.
The primary question presented in this case is whether when a petition regular in form, and duly signed by the required number of electors, properly verified, presents a proposed amendment to the constitution of the state, and the same is filed with the secretary of state, that officer may refuse to act pursuant to the clear, mandatory requirement of Section la, Article II of the Ohio Constitution (“the secretary of state shall submit,” etc.) and refuse to submit for the approval or rejection of the electors such proposed amendment, upon the ground that if adopted by the electors of the state it would contravene some provision of the federal constitution or law enacted thereunder.
*571 This question is not a new one in this state. In the case of Pfeifer v. Graves, Secretary of State, 88 Ohio St., 473 (decided October 14,1913), it was held, all members of . the court concurring, that “This court has no authority to pronounce an opinion, a judgment or a decree upon a mere moot question as to whether a proposed law will conflict with the Constitution, if it shall be enacted by the general assembly, or be adopted by the people.”
The case of Weinland v. Fulton, Secretary of State, 99 Ohio St., 10 (decided September 10, 1918), presented precisely the same question as in the case at bar, and the court there unanimously held as follows : “In an action to enjoin the Secretary of State from submitting for the approval or rejection of the electors a constitutional amendment proposed by petition in pursuance, of the provisions of Section 1 and Section la of Article II of the Constitution of Ohio, a court can not consider or determine whether such proposed amendment is in conflict with the Constitution of the United States. (Pfeifer et al. v. Graves, Secretary of State, 88 Ohio St., 473, approved and followed.)”
In the very recent case, City of Cincinnati v. Hillenbrand et al., Board of Deputy State Supervisors, etc., 103 Ohio St, 286 (decided September 27, 1921), it was again held, every member of the court concurring: “This court has no authority to pronounce a judgment or decree upon the question whether a proposed law or ordinance will be valid and constitutional if enacted by a legislative body or adopted by the electors. And where the mandatory provisions of the constitution or statute prescribing the necessary preliminary steps to authorize the submis-. *572 sion to the electors of an initiative statute or ordinance have been complied with the submission will not be enjoined. (Pfeifer v. Graves, Secretary of State, 88 Ohio St., 473, approved and followed.) ”
It has thus become the established law of this state that no officer or tribunal may interfere either with the enactment of laws or the amendment of the constitution while the same is in process, upon the ground that such legislation, if enacted, or constitutional amendment, if adopted, will be in conflict with the constitution, state or federal. These questions are and must necessarily be reserved for consideration and determination after the legislative or constitution-making body shall have fully performed its function and such new law or constitutional amendment shall have become effective.
The demurrer is overruled and writ allowed.

Writ allowed.

Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.
Marshall, C. J., and Hough, J., dissent.